Sarah Shapero (Bar No. 281748)
Caleb Gonzales (Bar No. 358936)
SHAPERO LAW FIRM, PC
100 Pine St., Ste. 530
San Francisco, CA 94111
Phone: (415) 273-3504 | Fax: (415) 358-4116
sarah@shaperolawfirm.com

Attorneys for Plaintiff,
JOHN BILLECI

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BILLECI, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, a business entity; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 4:26-cv-06173<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. Violations of California Civil Code Section 2923.7<br><br>2. Violations of California Civil Code Section 2923.6<br><br>3. Violations of Cal. Business & Professions Code section 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN BILLECI, alleges as follows:

## PARTIES

1. Plaintiff, JOHN BILLECI is an individual (hereinafter referred to as "Plaintiff").

2. The real property commonly known as 299 Duperu Ct, Crockett, CA 94525 ("Subject Property") is located in the County of CONTRA COSTA, in the State of California and is the property of Plaintiff.

3. Plaintiff is informed and believes and based thereon alleges that Defendant Selene Finance, LP ("Defendant" or "Defendant Selene Finance"), was at all times relevant to the facts

1

herein, bound by the laws of the state of California, doing business in CONTRA COSTA County, State of California.

4.      The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiff who sues each Defendant by such fictitious names.  Plaintiff is informed and believes and based thereon alleges each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for the events and happenings referred to herein, either contractually or tortuously. When Plaintiff ascertains the true names and capacities of DOES 1 through 50, he will amend this Complaint accordingly.

5.      Plaintiff is informed and believes and based thereon alleges that Defendants and each of them, are, and at all times herein mentioned were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-Defendants, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-Defendants.

## JURSIDICTION AND VENUE

6.      This court has diversity jurisdiction because the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C § 1332(a).

7.      Here, the loan in question was for $165,000. Therefore, the loan amount exceeds the required minimum amount in controversy of $75,000.00.

8.      Plaintiffs is a resident of California.

9.      Plaintiffs are informed and believe that Defendants Selene Finance LP is a Delaware limited partnership with headquarters in the State of Texas. Selene Finance LP's general partner is Selene Ventures GP LLC, and its sole limited partner is Selene Ventures LLC. Selene Ventures LLC is wholly owned by Selene Holdings LLC. Selene Holdings LLC is wholly owned by Mortgage Solutions Holdings, LLC. Mortgage Solutions Holdings, LLC is wholly owned by Pretium Partners, LLC. No publicly held company owns any interest in Pretium Partners, LLC. None of these entities is publicly owned, and no publicly held company owns any interest in them. On

2

COMPLAINT

information and belief, all the known entities associated with Selene Finance L.P. are located in the State of Texas or in the State of New York.

10.    Therefore, total diversity exists between parties.

11.    The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

12.    Defendants either are entities duly licensed to do business in the State of California or are entities that regularly conduct business within this judicial district within California.

13.    Venue is proper for this Court since the Subject Property (described below) is located in CONTRA COSTA County and because the events or events out of which this action arises, and which form the basis for this action arise in CONTRA COSTA County.

## STATEMENT OF FACTS

14.    Plaintiff JOHN BILLECI, at all relevant times, owned the property located at 299 Duperu Ct, Crockett, CA 94525 ("the Property"). The Property is single family home that has served as Plaintiff's residence for all times mentioned herein.

15.    Plaintiff's parents purchased the Property on or around 1981, and the Property has been owned by Plaintiff's family ever since. Since Plaintiff's parent's passing, Plaintiff obtained the property via Quitclaim Deed and has been recognized as the successor in interest under all existing loans secured by the property.

16.    On or around March 2010, Plaintiff's parents took out a loan against the Property for $165,000 with Freedom Mortgage Corporation (hereinafter, "the Loan.")

17.    On information and belief, Defendant has served as the servicer on the Loan at all times mentioned herein.

18.    In or around mid-2024, Plaintiff was unable to maintain the monthly payments on the property.  Thereafter, in June 2025, a Notice of Default was recorded against the Property. Thereafter, on or around April 15, 2026, a Notice of Trustee's Sale was recorded against the property with a sale date of May 20, 2026.

COMPLAINT

19.    Thereafter, in or around April 2026, Plaintiff submitted a complete loan modification application to Defendant.

20.    On or around May 18, 2026, Defendant denied Plaintiff's loan modification application on the grounds that the post-modification front end debt-to-income ratio is outside the acceptable range.  The denial letter did not alert Plaintiff that he could appeal the May 18, 2026 denial.

21.    Therefore, on or around May 25, 2026, Plaintiff called Defendant and spoke with a woman who identified herself as Plaintiff's single point of contact.  Plaintiff inquired about the options available to him in light of the denial letter.  His SPOC told him that he should not appeal any denial of his loan modification application as that would result in them proceeding with the foreclosure sale of the property more quickly if he did appeal the denial. Therefore, relying on the information provided by his SPOC, Plaintiff did not appeal the denial of his application.

22.    This resulted in the Trustee's Sale being postponed to June 24, 2026 and the sale will proceed on that date despite Plaintiff not being given the opportunity to appeal the denial of his application.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.7**
(Against All Defendants)

23.    Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

24.    At all times relevant, Plaintiff was a borrower as defined by Civil Code § 2920.5. Plaintiff alleges that he was potentially eligible for a foreclosure prevention alternative program offered by or through his mortgage servicer.

25.    California Civil Code § 2923.7(a) provides: When a borrower requests a foreclosure prevention alternative, the mortgage servicer **shall promptly** establish a single point of contact (SPOC) and provide to the borrower one or more **direct means** of communication with the single point of contact.

26.    California Civil Code § 2923.7(b) states that the SPOC must (1) communicate the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options, and (2) have access to

4

current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

27. On or around May 18, 2026, Defendant denied Plaintiff's loan modification application on the grounds that the post-modification front end debt-to-income ratio is outside the acceptable range. The denial letter did not alert Plaintiff that he could appeal the May 18, 2026 denial.

28. Therefore, on or around May 25, 2026, Plaintiff called Defendant and spoke with a woman who identified herself as Plaintiff's single point of contact. Plaintiff inquired about the options available to him in light of the denial letter. His SPOC told him that he should not appeal any denial of his loan modification application as that would result in them proceeding with the foreclosure sale of the property more quickly if he did appeal the denial. Therefore, relying on the information provided by his SPOC, Plaintiff did not appeal the denial of his application.

29. This resulted in the Trustee's Sale being postponed to June 24, 2026 and the sale will proceed on that date despite Plaintiff not being given the opportunity to appeal the denial of his application.

30. Defendant's deficient loss mitigation procedures have resulted in Plaintiff being unable to access accurate information regarding the effect of an appeal, which as set forth below, would have resulted in the June 24, 2026 sale date being postponed; as a result, Plaintiff has been wrongly denied consideration for the foreclosure alternatives for which he is eligible.

31. Defendants' violations of California Civil Code § 2923.7, entitles Plaintiff to injunctive relief, as well as attorney's fees. (Cal. Civ. Code § 2924.12(h).)

**SECOND CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.6**
(Against All Defendants)

32. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

33. At all times relevant, Plaintiff was a borrower as defined by Civil Code § 2920.5. Plaintiff alleges that he was potentially eligible for a foreclosure prevention alternative program offered by or through his mortgage servicer.

34.    California Civil Code §2923.6(c) provides, "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

35.    Pursuant to Civil Code 2923.6(f):

> Following the denial of a first lien loan modification application, the mortgage servicer **shall send a written notice to the borrower identifying the reasons for denial**, including the following:

> (1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial.

36.    I or around April 2026, Plaintiff submitted a complete loan modification application to Defendant.

37.    On or around May 18, 2026, Defendant denied Plaintiff's loan modification application on the grounds that the post-modification front end debt-to-income ratio is outside the acceptable range. The denial letter did not alert Plaintiff that he could appeal the May 18, 2026 denial or the deadline to do so.

38.    Therefore, on or around May 25, 2026, Plaintiff called Defendant and spoke with a woman who identified herself as Plaintiff's single point of contact. Plaintiff inquired about the

COMPLAINT

options available to him in light of the denial letter.  His SPOC told him that he should not appeal any denial of his loan modification application as that would result in them proceeding with the foreclosure sale of the property more quickly if he did appeal the denial. Therefore, relying on the information provided by his SPOC, Plaintiff did not appeal the denial of his application.

39.    This resulted in the Trustee's Sale being postponed to June 24, 2026 and the sale will proceed on that date despite Plaintiff not being given the opportunity to appeal the denial of his application.

40.    By failing to give Plaintiff information in writing and verbally regarding his right to appeal the denial of his application, Defendant violated Cal. Civ. Code § 2923.6.

41.    Defendants' violations of California Civil Code § 2923.6, entitles Plaintiff to injunctive relief, as well as attorney's fees.  (Cal. Civ. Code § 2924.12(h)).

### THIRD CAUSE OF ACTION
**Violation of Business and Professions Code Section 17200 et seq**.
(Against All Defendants)

42.    Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

43.    Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

44.    Specifically, Defendant's violations of California Civil Code §§ 2923.6, and 2923.7 constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

45.    As a result of Defendant's wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the imminent loss of his home, lost time and inconvenience, which resulted in lost income, and fees.

46.    Likewise, Plaintiff was injured and suffered actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, and severe emotional distress, according to proof at trial but within the jurisdiction of this Court.

47.     Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiff JOHN BILLECI demands a trial by jury. Plaintiff prays for judgment against Defendant as follows:

1. That judgment is entered in Plaintiff's favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan until the amount of the loan is determined and from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory damages, attorneys' fees, and costs according to proof at trial;

6. For such other and further relief as the Court may deem just and proper.

DATED: June 22, 2026                          Respectfully submitted,

                                              SHAPERO LAW FIRM, PC


                                              */s/ Sarah Shapero*
                                              Sarah Shapero
                                              Attorneys for Plaintiff
                                              JOHN BILLECI

COMPLAINT