United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BILLECI,
Plaintiff,
v.
SELENE FINANCE, LP,
Defendant.

Case No. 26-cv-06173-TLT

**ORDER GRANTING PRELIMINARY INJUNCTION**

Re: Dkt. No. 5

On June 22, 2026, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order ("TRO") to restrain the foreclosure sale of the property located at 299 Duperu Ct, Crockett, California 94525 (the "Property"). ECF 5. The next day, the Court held a hearing on the TRO in the absence of Defendant due to Defendant's nonappearance. ECF 10. The Court treated Defendant's nonappearance as an unopposed application and, based on the papers before the Court, granted the TRO in favor of Plaintiff. ECF 11–12. The Court issued an Order to Show Cause and scheduled an evidentiary hearing for July 6, 2026. *Id*. Plaintiff served Defendant with the Order and supporting papers on June 26, 2026. ECF 14. On June 29, 2026, the Parties jointly requested a continuance of the evidentiary hearing on July 21, 2026, or to a later date convenient for the Court while the sale of the Property is enjoined pending the resolution of the hearing. ECF 15. On June 30, 2026, the Court continued the evidentiary hearing to August 4, 2026. ECF 18. On July 13, 2026, Defendant filed its Opposition to the Order to Show Cause, and on July 17, 2026, Plaintiff filed his Reply in support. ECF 20–21. Parties timely filed their responsive answers to the supplemental questions for the preliminary injunction hearing. ECF 26 and 28. On August 13, 2026, Defendant submitted loan documents related to the Property. ECF 33.

Having considered the parties' briefs, oral arguments, and the relevant legal authority, and

for the reasons set forth below, the Court GRANTS Plaintiff's motion for a preliminary injunction.

## I. FACTUAL BACKGROUND

Plaintiff's parents purchased the Property on or around 1981. ECF 5-1 at 2. Plaintiff became the owner of the Property by quitclaim deed after his parents passed away. *Id.*; ECF 19 at 2. The Property is Plaintiff's residence and is encumbered by a $165,000 loan (the "Loan"), which was obtained by Plaintiff's parents in March 2010. ECF 5-1 at 2. The Loan was made with nonparty Freedom Mortgage Corporation. ECF 21 at 2. In mid-2024, Plaintiff was unable to maintain the monthly payments on the Property, and in June 2025, a Notice of Default was recorded against the Property. *Id.*; ECF 19 at 2.

In October 2025, the mortgage servicing was transferred from Freedom Mortgage Corporation to Defendant. *Id.* On April 15, 2026, a Notice of Trustee's Sale was recorded against the Property, setting a sale date of May 20, 2026. *Id.* Shortly after, in April 2026, Plaintiff submitted a loan modification application to Defendant. *Id.*

On April 23, 2026, Defendant sent a letter to Plaintiff identifying Brittney M. as his single point of contact ("SPOC"). ECF 20-3. On May 18, 2026, Defendant sent a letter to Plaintiff denying his loan modification application on the grounds that the post-modification front-end debt-to-income ratio was outside the acceptable range. ECF 20-4 at 3. Defendant's denial letter did not inform Plaintiff that he could appeal the denial. *Id.*; ECF 5-2, Ex. A. Subsequently, Plaintiff called Defendant and spoke with his SPOC. ECF 19 at 3; ECF 21 at 3.

The parties dispute whether the SPOC informed Plaintiff on the call that he should not appeal the denial because doing so would accelerate the foreclosure sale of the property. *Id.* Before the Court granted the TRO, the foreclosure sale was set to proceed on June 24, 2026. ECF 5-1 at 2.

## II. LEGAL STANDARD

### A. Preliminary Injunction

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to temporary restraining orders and preliminary

injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And "a temporary restraining order 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The likelihood of success on the merits is "the most important." *Apache Stronghold v. United States*, 101 F.4th 1036, 1049 (9th Cir. 2024), cert. denied, 145 S. Ct. 1480 (2025), reh'g denied, 146 S. Ct. 285 (2025).

## III. DISCUSSION

The Court finds that Plaintiff is entitled to the issuance of a preliminary injunction.

As to the first *Winter* factor, the record directs the Court to look at the following statutes:

> "When a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a).

> "The single point of contact shall be responsible for . . . [h]aving access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status

> of the foreclosure prevention alternative." *Id.* § 2923.7(b)(3).
>
> "If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." *Id.* § 2923.6(d).
>
> "Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including . . . [t]he amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial." *Id.* § 2923.6(f)(1).

Defendant, in its Opposition, clarifies, and Plaintiff confirms, that he indeed contacted an individual woman serving as his SPOC by phone after receiving a denial letter for his modification application. While this undisputed fact leads the Court to find that Plaintiff is unlikely to prevail on his initial claim under California Civil Code § 2923.7, the record shows that Defendant's denial letter may be deficient under California Civil Code § 2923.6(f)(1) because it failed to include the time Plaintiff is given to request his appeal of the denial and the instructions for appealing the denial, despite identifying the reason for the denial. ECF 5-2; ECF 20-4.

While the parties dispute whether the phone call between Plaintiff and his SPOC included a statement that he should not appeal the denial because doing so would accelerate the foreclosure sale of the Property, Defendant's Opposition includes its counsel's declaration but not the one from the SPOC herself. Defendant's counsel submitted the audio recording of the May 18, 2026 call between Plaintiff and his SPOC as supplementary exhibits, ECF 26-5, and declared prior to the submission that "[t]he call recording has been reviewed by the client, and its contents were disclosed to me." ECF 20 ¶ 8. "[A]lthough courts are to liberally construe the opposing party's declarations, plaintiffs still must adhere to the rules of evidence and establish each witness's competence and personal knowledge." *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 940 (N.D. Cal. 2016) (citation omitted); *see* Fed. R. Evid. 602.

Irrespective of such compliance, in the absence of requisite written notice, Defendant's record is likely to be in violation of California Civil Code § 2923.6(f)(1). Further, insofar as this violation serves as the predicate "unlawful" business practice, Plaintiff is also likely to succeed on the merits under the "unlawful" prong of the California Unfair Competition Law.

Considering this analysis on the first *Winter* factor and the parties' reliance on its dispositive effect on the remaining *Winter* factors, ECF 26 and 28, the Court finds that Plaintiff correctly brought this action for injunctive relief to enjoin Defendants' alleged violations to prevent the irreparable harm of losing his residence under California Civil Code § 2924.12(a)(1). ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6 [or] 2923.7"). Cal. Civ. Code § 2924.12(a)(1). While Defendant contends that a preliminary injunction will impose "significant operational, financial, and regulatory burdens on loan servicers," the Court finds that without any specificity of its operational, financial, and regulatory burdens, Defendant fails to meet its minimal burden to tip the balance of equities in its favor. Lastly, issuing a preliminary injunction acknowledges the available statutory relief under California law to prevent wrongful foreclosures and serves the public interest.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion for a preliminary injunction because Plaintiff has shown a likelihood of success on the merits of his claim that, notwithstanding Defendant's provision of a single point of contact under California Civil Code § 2923.7, Defendant's failure to provide the appeal time and instructions required by California Civil Code § 2923.6(f)(1) entitles him to injunctive relief under California Civil Code § 2924.12(a)(1), he is likely to suffer irreparable harm without relief, and the balance of equities and public interest weigh in favor of granting a preliminary injunction.

Accordingly, the Court ORDERS that:

1. Defendant is ENJOINED from conducting a Trustee's Sale on Plaintiff's property located at 299 Duperu Ct, Crockett, California 94525 until Plaintiff is given the opportunity to appeal Defendant's denial of his loan modification application; and Defendant has complied with California Civil Code § 2923.6(f)(1) with respect to that appeal.
2. During the period in which Plaintiff may appeal and during the pendency of any timely appeal, Defendant shall not assess, accrue, collect, or add to the loan balance

any interest, late charges, fees, costs, penalties, escrow charges or advances, attorney's fees, foreclosure-related charges, or any other amount. The unpaid principal balance and all other amounts assertedly due on the loan shall remain fixed as of the date Plaintiff receives Defendant's written denial notice. *See* ECF 33. No additional fees, costs, or penalties shall accrue as a result of the delay by this Order or Plaintiff's timely appeal.

3. If Plaintiff does not timely appeal, or the appeal properly concludes showing that Plaintiff remains ineligible for a loan modification due to his financial circumstances, Defendant shall not be barred from conducting a Trustee's Sale on the Plaintiff's property located at 299 Duperu Ct, Crockett, California 94525, provided that Defendant is in compliance with all applicable statutory requirements, including California Civil Code § 2924. Notice shall be provided immediately, in writing, to the Court, with supporting documents, if a timely appeal is not sought or if a determination is made that the Plaintiff is found to be ineligible for a loan modification.
4. This Order shall remain in effect until: (i) final resolution of Plaintiff's appeal; (ii) further order of this Court; or (iii) a determination that Plaintiff is ineligible for loan modification following compliance with § 2923.6(f)(1), whichever is earliest.
5. The parties shall jointly report the status of this action no later than September 1, 2026. Failure to comply with the reporting requirement will require a show-cause hearing.
6. The Court sets the Initial Case Management Conference for November 12, 2026, at 2 p.m. via videoconference with a Joint Case Management Statement due by November 5, 2026.
7. Each party shall bear its own attorneys' fees and costs incurred in connection with this motion.

This Order resolves ECF 5.

IT IS SO ORDERED.

Dated: August 19, 2026

TRINA L. THOMPSON

United States District Judge

Dkt 27, 17:52 – end

United States District Court
Northern District of California